**AMBERHILL PROPERTIES, a limited partnership; and Martin Overstreet, an individual, Plaintiffs-Appellants,**

v.

**CITY OF BERKELEY, a municipal corporation; and City of Berkeley Rent Stabilization Board, Defendants-Appellees.**

No. 85–2595.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1986.

Decided April 10, 1987.

David A. Self, Oakland, Cal., for plaintiffs-appellants.

Timothy J. Lee, Berkeley, Cal., for defendants-appellees.

Before NELSON, WIGGINS and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

Appellants Amberhill Properties and Martin Overstreet ("Amberhill") own one hundred forty-four residential rental units located in Berkeley, California. Amberhill claimed that application of Berkeley's rent control ordinances denied them substantive

8. *See supra* note 3.

due process, a fair return on investment, and constituted an unconstitutional "taking" of property. Amberhill brought an action in the United States District Court for the Northern District of California, without having first applied to the City of Berkeley Rent Stabilization Board ("Board") for an individual rent adjustment. The district court held, *inter alia,* that Amberhill could not bring an "as applied" challenge to the ordinances in federal court because Amberhill had not first exhausted the available agency avenues of relief.

Amberhill timely appealed, arguing that 1) it would have been futile to apply for an individual rent adjustment based on the erosive effects of inflation; 2) the $13,000 application fee was excessively burdensome; and 3) applying would have exposed Amberhill to penalties for noncompliance with various municipal regulations. We affirm.

### DISCUSSION

■ We review de novo a district court's conclusion that an action is precluded by failure to exhaust administrative remedies. *Assiniboine & Sioux Tribes v. Board of Oil & Gas,* 792 F.2d 782, 787 (9th Cir.1986) (citing *In re Castlerock Properties,* 781 F.2d 159, 161 (9th Cir.1986)).

■ Amberhill did not seek an individual rent adjustment before bringing its action against the Board. Therefore, Amberhill's claim that applying for an adjustment would be futile is wholly speculative. Berkeley Municipal Code § 13.76.120(I) provides that

No provision of this chapter shall be applied so as to prohibit the board from granting an individual rent adjustment that is demonstrated necessary by the landlord to provide the landlord with a fair return on investment.

If the Board cannot ensure a fair return on investment by applying existing regulations, it may even adopt new regulations to achieve a fair return. Berkeley Rent Stabilization Board Regulations, Subchapter C, § 1275. We believe that the Board thus possesses sufficient regulatory authority to grant Amberhill an individual rent adjustment if inflation has prevented a fair return on its investment. Therefore, Amberhill has not demonstrated that applying would be futile.

Amberhill's arguments regarding the excessiveness of the application fee and its potential exposure for regulatory violations are similarly unpersuasive. We do not speculate in the abstract as to whether the Board would charge Amberhill the entire application fee and whether applying would expose Amberhill to penalties for violations it would be unable to cure.

This result is consistent with the policy underlying our exhaustion requirement that "courts should not prematurely interfere with agency processes." *Assiniboine,* 792 F.2d at 791. Therefore, until the Board has an opportunity to consider whether Amberhill has been denied a fair return due to inflation and, if so, to use its regulatory powers to make an appropriate adjustment, we cannot decide whether application of these regulations to Amberhill would effect an unconstitutional "taking".

The Supreme Court of California has determined that the Board must take inflation into account so as to prevent "unconstitutional confiscation." *Fisher v. City of Berkeley,* 37 Cal.3d 644, 684, 209 Cal.Rptr. 682, 714, 693 P.2d 261, 293 (1984). In oral argument before this court, the Board conceded: "Thus, to the extent that the erosive effect of inflation impacts on the receipt of a fair return on investment, it can and must be recognized by the Board in an individual rate adjustment petition." The Board's statement is binding on it in any further proceedings in this case.

AFFIRMED.