134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Leon TURNER, Plaintiff-Appellant,
v.
A.N. BOUTISTA, individually and in his official capacity as
a correctional official; E. Gums, individually and in his
official capacity as a correctional official; S. Nakamura,
individually and in his official capacity as a correctional
officer; A. Munoz, individually and in his official
capacity as a correctional Lieutenant; L. Holmes,
individually and in his official capacity as a correctional
officer; V. Evans, individually and in his official
capacity as a correctional officer; D. Lindsey,
individually and in his official capacity as a correctional
Lieutenant; A.H. Dixon, individually and in his official
capacity as a correctional sergeant; R. Nelson,
individually and in his official capacity as an Associate
Warden; A. Calderon, Warden, individually and in his
official capacity as the Warden; R. Campbell, individually
and in his official capacity as a Captain; H. Hammond,
individually and in his official capacity as a CCI; S.K.
Cherry, individually and in her official capacity as a
Captain, Defendants-Appellees.
 No. 97-16149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 State prisoner Melvin Turner appeals the dismissal of his 42 U.S.C. § 1983 wrongful confiscation and First Amendment retaliation claims arising from the seizure of his personal property and his administrative segregation. Our review is de novo. Hoeck v. City of Portland, 57 F.3d 781, 784 (9th Cir.1995); Amberhill Properties v. City of Berkeley, 814 F.2d 1340, 1341 (9th Cir.1987).
 
 
 3
 The district court properly dismissed the confiscation claim on the ground that California law provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). It properly dismissed without prejudice the administrative segregation retaliation claim for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a). It properly dismissed all the other retaliation claims as based on de minimis inconveniences. Maryland A.C.L.U. v. Wicomico County, 999 F.2d 780, 785, 786 n. 62 (4th Cir.1993).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3